RESPONDENT PRO SE
Christopher A. Hollander
Carmel, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Seth T. Pruden, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S00-1402-DI-118

**FILED**

Mar 24 2015, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

IN THE MATTER OF:

CHRISTOPHER A. HOLLANDER,

*Respondent.*

Attorney Discipline Action

**March 24, 2015**

**Per Curiam.**

We find that Respondent, Christopher A. Hollander, engaged in a course of attorney misconduct in connection with his efforts to patronize a prostitute. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least one year without automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 2007 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

**Stipulated Facts**

H.S., using a fictitious name, had placed an online classified advertisement for escort services that listed her cell phone number. At some point, H.S. was arrested by the Indianapolis Metropolitan Police Department ("IMPD") for engaging in prostitution.

At relevant times, Respondent was employed as a public defender. Respondent had seen and remembered H.S.'s classified advertisement, and when Respondent came across a police report containing the same phone number, he was able to determine specific arrest information regarding H.S. and thereafter identify her.

On or about November 30, 2012, Respondent sent a text message to H.S.'s cell phone, apparently without realizing that H.S.'s phone was in IMPD's possession. An officer impersonating H.S. responded to that text as well as several other texts and calls from Respondent during the next several days. In those communications, Respondent indicated he could help H.S. with her situation, falsely stated he had been given information about her from a former client, said he would "work with" H.S. regarding her attorney fees, and set up an appointment to meet her.

On December 4, Respondent met in a hotel room with an undercover IMPD officer impersonating H.S. Respondent attempted to hug and kiss the officer, made statements conveying that he wanted sex in return for his legal services, and began to undress. Respondent then was arrested for patronizing a prostitute. After his arrest, Respondent gave a statement to police admitting that he had used information obtained through his employment as a public defender to attempt to meet H.S. under the pretense of discussing her pending criminal case, and that his intention in doing so was to have sex or fellatio in exchange for providing legal services.

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(d): Attempting to counsel or assist a client in conduct the lawyer knows to be criminal.

1.5(a): Attempting to charge an unreasonable fee (sex for legal services).

1.7(a): Attempting to represent a client when the representation involves a concurrent conflict of interest.

1.8(j): Attempting to engage in a sexual relationship with a client unless it began prior to the representation.

7.3(a): Improperly soliciting employment in-person, by phone, or by real time electronic contact from a person with whom the lawyer has no prior relationship when a significant motive is the lawyer's pecuniary gain.

8.4(a): Attempting to violate the Rules of Professional Conduct.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

The parties cite no facts in aggravation. The following facts are cited in mitigation: (1) Respondent has no prior discipline; (2) following his arrest, Respondent sought help from the Indiana Judges and Lawyers Assistance Program ("JLAP"), he has been under a JLAP monitoring agreement, and he has been receiving psychological therapy and treatment; (3) Respondent was candid with police immediately following his arrest; and (4) Respondent has expressed remorse for his behavior.

### Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

3

The ABA *Standards for Imposing Lawyer Sanctions*, to which we frequently look for guidance regarding appropriate discipline, provide:

> Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct . . . that seriously adversely reflects on the lawyer's fitness to practice.

> Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty as a professional and causes injury or potential injury to a client, the public, or the legal system.

ABA *Standards for Imposing Lawyer Sanctions* 5.12, 7.2. We conclude that each of these standards obtains in respect of the matter before us.

In the current case, Respondent and the Commission propose that Respondent receive a one year suspension from the practice of law, without automatic reinstatement, for his admitted misconduct. Concluding that this is appropriate discipline under the circumstances, the Court approves the proposed discipline. To regain his privilege to practice law, Respondent would be required to petition this Court for reinstatement, with the burden of demonstrating by clear and convincing evidence remorse for his misconduct, a proper understanding of the standards imposed upon members of the bar, and his rehabilitation and fitness to practice law, among other things. *See* Admis. Disc. R. 23(4)(b).

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by, among other things, patronizing a prostitute and attempting to obtain sex or fellatio in exchange for legal services. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, effective immediately. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the

4

duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rules 23(4) and (18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.